UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | | |
|---|---|---|
| SHELTON WIREMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 5:14-CV-456-JMH |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMONWEALTH OF KENTUCKY, | ) | **AND ORDER** |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**** **** **** ****

Shelton Wireman is an inmate confined in the Clark County Detention Center in Winchester, Kentucky. Proceeding *pro se*, Wireman has filed a civil rights action pursuant to 42 U.S.C. § 1983, against the following named defendants: Commonwealth of Kentucky, Clark County, Kentucky, and Clark County Detention Center. [R. 1] Wireman's complaint concerns his underlying conviction in Clark Circuit Court and the treatment he has allegedly received from other inmates in the Clark County Detention Center.

Because Wireman is asserting claims against the government and is an inmate proceeding *in forma pauperis*, the Court is required to conduct a preliminary review of his complaint. 28 U.S.C. §§ 1915(e) (2)(B), 1915A. Since Wireman is not represented by an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).   As explained below, the Court determines that, at this juncture, Wireman's complaint fails to state a claim for relief which can be granted by this Court. Wireman must first request the relief he seeks from the state court.   Wireman's complaint will be dismissed without prejudice.

## BACKGROUND

On July 11, 2014, Wireman was convicted in Clark Circuit Court for possession or viewing of matter portraying a sexual performance by a minor, a violation of Kentucky Revised Statute ("K.R.S.") § 531.335.   The indictment charged that this offense was committed on August 2, 2013. <u>See</u> *Commonwealth of Kentucky v. Wireman Shelton*, No. 13-CR-00095 (Clark Cir. Ct. 2013). Wireman received a five-year sentence of imprisonment.   Wireman had an initial parole hearing on September 15, 2014, barely more than two months after his conviction on July 11, 2014.   Parole was deferred for twelve months.   His next parole eligibility date is September 1, 2015.[1]

---

[1] This information was obtained from the Kentucky Online Offender Lookup ("KOOL") feature of the Kentucky Department of Corrections' official website. *See* http://kool.corrections.ky.gov/KOOL/Details/354146 (last visited on April 30, 2015).

2

## ALLEGATIONS OF THE COMPLAINT

Wireman's complaint is a mixed bag.  Wireman first states that due to the nature of his conviction, he has been harassed and is still being harassed and subjected to name-calling, such as "baby raper" and "child molester," *inter alia*, by inmates at the jail.  [R. 1, Page ID# 2]  He also states that he has been subjected to various other forms of harassment by inmates and that they have ostracized him, all because of the nature of his conviction.  Wireman appears to claim that by reason of the treatment he has received from jail inmates, he has been the victim of a hate crime, in violation of K.R.S. § 532.031, and he appears to seek a declaratory judgment that these unnamed inmates have also violated Kentucky's harassment statute, K.R.S. 525.070.

Second, Wireman claims that he received ineffective assistance of counsel with respect to his underlying criminal conviction in that his counsel failed to interview witnesses and verify his alibi.

Third, Wireman states that he was unjustly denied parole and that an agreement should be reached that would also include his release from confinement. [R. 1, Page ID# 6].

3

Fourth, Wireman requests that this Court consider reducing his charge to a Class "A" misdemeanor or overturning his conviction.  [R. 1, Page ID# 6]

Wireman seeks unspecified compensatory damages for the mental duress he has endured.

**ANALYSIS**

**A.    Treatment from and/or harassment by unnamed jail inmates**

Giving a liberal interpretation to Wireman's statements that he has been called various derogatory names by other jail inmates, these statements might be broadly considered to encompass a constitutional claim of "cruel and unusual punishment," in violation of the Eighth Amendment of the U.S. Constitution.  In its prohibition of "cruel and unusual punishment," the Eighth Amendment imposes duties on prison officials to provide humane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  Even so, verbal abuse, harassment, arbitrariness, and racist comments, made by prison officials, without more, do not constitute cruel and unusual punishment, *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987) (per curiam), and "[t]he use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution." *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000); *see also see also Wingo v. Tenn. Dep't of Corr.*, 499 F.

4

App'x 453, 455 (6th Cir. 2012) ("Verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief."); *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004) (holding "harassment and verbal abuse ... do not constitute the type of infliction of pain that the Eighth Amendment prohibits"); *Jackson v. Hopkins Cnty. Det. Ctr.*, No. 4:12CV-P82-M, 2012 WL 5472024, at *6 ("[W]hile reprehensible and not condoned, racial epithets and verbal abuse alone are insufficient to state a constitutional violation under § 1983.").

The foregoing body of case law points out that derogatory comments made by jail employees or officials to an inmate cannot form the basis of a valid Eighth Amendment claim. Likewise, derogatory comments and/or name-calling made by jail inmates, who are private actors, not state actors, cannot form the basis of a valid Eighth Amendment claim.  Such a claim is without merit.

**B.  Violation of Kentucky's hate crimes and/or harassment statutes**

To the extent Wireman may be requesting a declaratory judgment that he has been the victim of a hate crime and/or has been harassed in violation of Kentucky law, this Court is

5

unable to afford Wireman any relief on that request. This matter, being an alleged violation of Kentucky law, must be prosecuted in a Kentucky state court. Wireman has simply asserted this claim in the wrong forum. This claim fails to state a claim for which relief can be granted in this Court.

**C.   Ineffective assistance of counsel**

Wireman claims that his counsel was ineffective for various reasons in defending him in the underlying criminal case in Clark Circuit Court. Before a federal court would be in a position to consider this claim of ineffective assistance of counsel, Wireman must show that he has exhausted his state court remedies as to this claim. The record, as is, does not reflect that he has exhausted his state judicial remedies; therefore, this court presently has no jurisdiction to entertain this claim.

It is well settled that one may not seek federal habeas corpus relief until one has exhausted his state judicial remedies. *Morris v. Wingo*, 421 F.2d 651 (6th Cir. 1970). In the Sixth Circuit, a habeas petitioner is usually required to present his habeas claims to the state's highest court (in this case the Kentucky Supreme Court) in order to exhaust his available state judicial remedies. *Silverburg v. Evitts*, 993 F.2d 124 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 485 (6th

Cir. 1990). As a matter of comity, a federal court should not consider a petitioner's constitutional claim as long as the petitioner has an available state forum. *Rose v. Lundy*, 455 U.S. 509 (1982); *Newcombe v. Bordenkircher*, 602 F.2d 128 (6th Cir. 1978).

To exhaust his state judicial remedies, Wireman would first need to present this claim to the trial court in his criminal case in the form of a motion to vacate, set aside or correct sentence, filed pursuant to Rule 11.42 of the Kentucky Rules of Criminal Procedure ("RCr 11.42"). If denied relief on that RCr 11.42 motion, Wireman would then need to appeal that denial to the Kentucky Court of Appeals, and then, if necessary, seek further relief from the Kentucky Supreme Court. If the Kentucky courts deny him the relief he seeks on this claim of ineffective assistance of counsel, then Wireman's next step, after exhausting his state judicial remedies, would be to raise this same claim of ineffective assistance of counsel in a habeas corpus petition, filed in federal court, pursuant to 28 U.S.C. § 2254.

Wireman's claim of ineffective assistance of counsel will be dismissed without prejudice to renew in a § 2254 habeas petition after he has exhausted his state judicial remedies.

7

**D.   Denial of parole**

Wireman states that he was unjustly denied parole and that an agreement should be reached that would also include his release from confinement. [R. 1, Page ID# 6]

Based on the information obtained from the KDOC's official website,      http://kool.corrections.ky.gov/KOOL/Details/354146 (last visited on April 30, 2015), Wireman was arrested on August 2, 2013, was convicted on July 11, 2014, and received a five-year sentence.  His initial parole hearing was September 15, 2014, and his parole was deferred for a period of twelve months. His next parole eligibility date is September 1, 2015.

Similar to his claim of ineffective assistance of counsel, Wireman would first need to seek relief from the Kentucky courts before presenting this claim to a federal court for review. There is no indication of record in this case that he has done that.  Consequently, Wireman's claim regarding the denial of parole will also be dismissed without prejudice to his right to renew after he has exhausted his state court remedies.

**E.   Reduction of charge to a Class "A" misdemeanor**

To reiterate, Wireman was charged with possession or viewing of matter portraying a sexual performance by a minor, a violation of K.R.S. § 531.335.  This offense is a Class D felony.  Wireman pled guilty to the charged offense.

Wireman requests that this Court consider reducing his charge to a Class "A" misdemeanor or overturning his conviction. [R. 1, Page ID# 6].

At this juncture, the federal court is not authorized to interfere with the Commonwealth of Kentucky's prosecution of Wireman. Again, Wireman would first need to seek relief from the Kentucky courts before presenting this claim to a federal court for review. There is no indication of record in this case that he has done that. Consequently, Wireman's request for this Court to consider reducing his charge to a Class "A" misdemeanor or overturning his conviction will be denied.

## CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) Plaintiff Shelton Wireman's complaint filed pursuant to 42 U.S.C. § 1983, is **DISMISSED WITHOUT PREJUDICE** as prematurely filed. Plaintiff is free to refile this complaint and/or a habeas corpus petition, filed pursuant to 28 U.S.C. § 2254, after he has exhausted his state judicial remedies.

(2) All claims having been resolved, this case is **DISMISSED** and **STRICKEN** from the docket.

(3) The Court will enter a judgment contemporaneously with this order.

This the 4th day of May, 2015.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge